TotteN, J.,
delivered tbe opinion of tbe court.
Tbe plaintiff, executor of Edwin Duncan’s will, who died in 1852, brought bis bill in chancery for the construction of said will, and also for an order directing a sale of tbe personal estate of tbe testator.
Tbe defendant, Alcy Duncan, tbe widow of tbe testator, and who dissented from bis will, answers tbe bill; and in reference to tbe sale of tbe personal property, she *352 cZa/i/ms as widow of tbe deceased, all bis personal property exempt from execution under tbe poor laws of tbe State. Tbe chancellor decreed that, as widow, sbe was entitled to the property exempt from execution by the Act of 1842, ch. 42, § 2, and no more. We concur in tbe chancellor’s opinion.
Several statutes, commencing with 1820, ch. 11, exempt from execution certain articles in tbe possession of poor persons deemed necessary for their ordinary subsistence and convenience. By tbe Act of 1833, cli. 80, they are so exempted from execution in the bands of tbe widow of the deceased debtor. Tbe policy of these acts is obvious and humane. The creditor is not permitted to take from bis indigent debtor, or if he be dead, from his widow, such articles enumerated in tbe acts as were deemed necessary to the subsistence of the debtor or his widow; and therefore, these articles are expressly exempted from execution. These persons may hold the exempted articles against the execution of tbe creditor; that is all, and no right is conferred upon tbe widow by these acts, except as against tbe creditor who seeks to levy his execution upon the property of bis deceased debtor. The widow takes no right in this respect as against legatees and dis-tributees of the deceased. These stand in equal right, so far as tbe poor laws here relied upon are concerned.
. It is true that the Act 1842, ch. 42, § 2, forms an exception to the rule here stated, but it is limited and confined in its operation to articles specially named and exempted in that act. It was construed in Curd vs. Curd, 9 Humph. R., 179, not as being in pcwi materia with tbe other acts referred to, but as containing a novel and peculiar provision for the benefit of the widow, unlike the provision made for her in the former acts on *353 the same subject. The case of Curd vs. Curd rests upon the plain and imperative words of the' statute.
Let the chancellor’s decree be affirmed.